# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY D. PACE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11-CV-489 CAS |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion to Amend Case Management Order, which seeks to modify the Case Management Order for the fourth time.

The motion states that pursuant to the Third Order Amending Case Management Order dated January 24, 2012 ("CMO"), the discovery deadline is May 1, 2012, and any motions pursuant to Daubert are due by May 7, 2012. The parties state that they "informally agreed" to an extension of time for defendant to disclose and produce its experts, and that no depositions of defendant's experts have been taken. The parties state cryptically that some written discovery is still outstanding "due to unforeseen complications and circumstances." Mot. at 1. Finally, the parties state that plaintiffs have "retained additional counsel, who has not yet entered an appearance in this matter, but who intends to do so in the near future." Mot. at 2. The parties do not identify the "additional" counsel by name.

Defendant requests an extension of time to May 6, 2012 to disclose its expert witnesses, and to June 5, 2012 for the experts to be made available for deposition.[1] The parties seek an additional 60-day extension of the existing deadlines to complete discovery, file Daubert motions, and file

---

[1]The Court notes that May 6, 2012, is a Sunday.

dispositive motions. The parties' motion omits any mention of the trial date, but this date would necessarily have to be changed if the motion is granted. Indeed, the proposed order submitted by the parties states that the case, currently set for trial on August 13, 2012, would be ready for trial after September 1, 2012. This proposed date imposes too great a burden on the Court's resources, given that dispositive motions would not be fully briefed until August 13, 2012, so a later trial date would be required.

As a threshold matter, the Court questions why defendant failed to produce its experts within the time required by the CMO. No reason for this inaction is stated in the motion. Defendant is aware the Court has already modified the CMO in this case an unusual number of times, and with increased reluctance. Parties who informally agree to deadlines other than those established by the Court do so at their peril, accepting the risk that the Court will enforce the deadlines it has established.

There is also the issue of plaintiffs' "additional" counsel, who has not been identified to the Court or entered an appearance in the case. Plaintiffs are cautioned that until the new attorney officially enters an appearance in this case, he or she does not represent them for purposes of this action. Plaintiffs remain fully bound by the actions of their attorney of record Mr. Reinoehl and by the orders of the Court, including the Case Management Order. Mr. Reinoehl remains plaintiffs' counsel of record unless he is relieved of this responsibility by order of the Court.[2]

---

[2] Mr. Reinoehl's two previous motions to withdraw as counsel were denied. The Missouri Rules of Professional Conduct (Missouri Supreme Court Rules 4-1.01 to 4-9.1) have been adopted by this Court as the rules governing attorneys in proceedings in the U.S. District Court for the Eastern District of Missouri. See Local Rule 12.02. These Rules delineate attorneys' responsibilities to their clients and the courts. Under the Rules, an attorney "must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation . . . . [A] lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." Rule 4-1.16(c), Mo. Sup. Ct. R. If Mr. Reinoehl

Plaintiffs are urged to have new counsel enter an appearance immediately, if this is the course they wish to follow. Based on its prior experience, the Court is concerned that another attorney operating informally on the fringes of this action could interfere with the progress of this case. The existence of the "additional" attorney could also place defendant in the position of not knowing which attorney speaks for the plaintiffs, although defendant must work with the attorney of record. Simply put, the current situation is not good for the effective prosecution and resolution of the case.

Plaintiffs are cautioned that failure to meet Court-imposed deadlines can lead to the dismissal of this action. The parties cannot count on obtaining an unlimited number of modifications to the Case Management Order. The Eighth Circuit has stated, "It is critical to a trial court's power of control over its own docket and its ability to effectively serve all litigants seeking its service that it maintain control over the progress of cases before it, including control over any extensions of time." Biby v. Kansas City Life Ins. Co., 629 F.2d 1289, 1293 (8th Cir. 1980); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) (citing Biby, id.).

Although disinclined to do so, the Court will reluctantly grant the joint motion to amend the Case Management Order. **The Court will not modify the deadlines any further in this case**, whether or not a new attorney enters an appearance on plaintiffs' behalf, and whether or not plaintiffs end up representing themselves, pro se.

---

has been discharged by the plaintiffs, see Rule 4-1.16(a)(3); believes that his representation of the plaintiffs has been rendered unreasonably difficult as a result of plaintiffs' actions, see Rule 4-1.16(b)(6); or if other good cause for withdrawal exists, he may seek leave of Court to withdraw from representation. If Mr. Reinoehl is permitted to withdraw from this case, plaintiffs would have to obtain new counsel or represent themselves, within the framework of the existing CMO's deadlines and trial date. No extensions of time will be granted based on a voluntary change of counsel at this late date.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Amend the Case Management Order is **GRANTED**. A Fourth Amended Case Management Order will be issued separately. [Doc. 38]

**IT IS FURTHER ORDERED** that Mr. Reinoehl shall mail a copy of this Memorandum and Order to the plaintiffs, and to plaintiffs' additional attorney, if known to him, and shall file a Notice with the Court stating that he has done so.

**IT IS FURTHER ORDERED** that **no further modifications will be made to the deadlines in this case**.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of May, 2012.

4